1 **WO**

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Strong, | No. CV-10-623-PHX-GMS |
| Plaintiff, | **ORDER** |
| vs. | |
| Town of Superior, a municipal corporation; Michael Hing, in his official and individual capacity; Michael Hing, as spouse of Defendant Michael Hing; Melanie C. Oliver, in her official and individual capacity; William R. Oliver, as spouse of Defendant Melanie Oliver, | |
| Defendants. | |

Pending before the Court is Defendants' Motion for Judgment on the Pleadings with Respect to State Law Claims. (Doc. 22). For the following reasons, the Court denies the Motion.

**I.    Background**

Plaintiff William Strong ("Strong") brought this action against the Town of Superior ("Superior") and several individual Defendants, who were employed by Superior during the time period relevant to this action. The Complaint alleges that Strong was hired as a police officer with the Superior Police Department. In June 2009, Strong complained that he had been treated unfairly in his performance evaluations. Strong alleged that he had been graded poorly based on his alleged involvement in a criminal damage incident, even though other

officers' involvement in similar criminal incidents had not received negative performance evaluations. Strong insinuated that his superior officers and decision-makers showed preferential treatment at his expense. After providing his sergeant with several examples of this difference in treatment, Defendant Melanie Oliver ("Oliver"), the town manager, began an investigation relating to these claims. Strong, however, never requested that an investigation take place.

During the course of the investigation, Oliver interviewed Strong and accused him of concocting allegations of preferential treatment as an "ace in the hole" to further his career. Oliver then initiated a formal complaint against Strong. The complaint against Strong alleged that he improperly brought discredit or embarrassment to Superior and made untrue statements regarding other officers.

Strong was placed on administrative suspension, and Oliver informed Strong that he was to be terminated pending a hearing to be held the next day. Oliver presided over the hearing, in which Strong allegedly was not allowed to respond to any allegations. On the same day as the hearing, the investigation regarding Strong was completed.

Strong then sought and received a post-termination hearing. Prior to the hearing, Oliver discussed the case with Defendant Michael Hing ("Hing"), who was the decision-maker in the post-termination hearing. Strong alleges that Hing was biased and that Hing's decision denying Strong's appeal failed to make any written findings or recommendations for six months.

On December 3, 2009, Plaintiff's counsel filed a notice of claim letter in connection with Strong's termination. The opening paragraphs of the notice list claims for "wrongful termination, violation of constitutional rights, violations of due process and equal protection . . . and other claims against . . . Superior and various individuals." (Doc. 25, Ex. 1). The notice further stated, "Due to the nature of the claims stated herein, it may not be necessary to submit a [notice of] claim . . . . Nonetheless, out of an abundance of caution, . . . Strong hereby submits this notice of claim." (*Id.*) The notice of claim, while omitting some of the facts that are alleged in the Complaint, then recounts the same general chain of events as does

the Complaint. Plaintiff filed this action on March 22, 2010. It alleges five counts: (1) violation of 42 U.S.C. § 1983, (2) intentional infliction of emotional distress, (3) discharge in violation of public policy, (4) defamation, and (5) violation of Strong's free speech rights. Superior argues that the state-law claims are barred because Strong's notice of claim did not comply with Arizona's notice of claim statute, Arizona Revised Statute Section 12-821.01.

## II. Analysis

Arizona's notice of claim statute provides:

> Persons who have claims against a public entity or a public employee shall file claims with the person or persons authorized to accept service for the public entity or public employee as set forth in the Arizona rules of civil procedure within one hundred eighty days after the cause of action accrues. The claim shall contain facts sufficient to permit the public entity or public employee to understand the basis upon which liability is claimed. The claim shall also contain a specific amount for which the claim can be settled and the facts supporting that amount. Any claim which is not filed within one hundred eighty days after the cause of action accrues is barred and no action may be maintained thereon.

A.R.S. § 12-821.01. The purpose of this statute is to provide the public entity with the opportunity to investigate the claim and assess its liability, permit the public entity the opportunity to settle and avoid costly litigation, assist the public entity in financial planning and budgeting, and provide a procedure by which the legislature will be advised of claims for which no payment has been provided. *Backus v. Arizona*, 220 Ariz. 101, 106, 203 P.3d 499, 504 (2009). Therefore, "the notice of claim anticipated by the statute must at least contain enough information to allow the state to intelligently ascertain these purposes so it can conscientiously allow or disallow the claim ." *See Howland v. State*, 169 Ariz. 293, 299, 818 P.2d 1169, 1175 (1991) (discussing former notice of claim statute). "[A]t a minimum, . . . the notice of claim must also contain an assertion of liability on behalf of the State in regard to a specifically described event sufficient to allow the State to investigate and determine its potential liability." *Id.* (internal quotations omitted). A notice of claim is insufficient, for example, if it gives "no indication of any specifically described event, dates, or the nature of plaintiff's loss." *Id.* At the same time, a claimant must include only enough facts "to permit the public entity to evaluate the specific amount claimed[,]" which does not

require a claimant to provide an "exhaustive list of facts." *See Backus*, 220 Ariz. at 107, 203 P.3d at 505 (discussing standard for the supporting-facts requirement of § 12-821.01). The notice of claim requirement also "must be viewed in the context of the relatively compressed time period—180 days—within which the notice of claim must be filed, and the factual information supporting it marshalled, after the cause of action accrues." *Jones v. Cochise County*, 218 Ariz. 372, 378, 187 P.3d 97, 103 (Ct. App. 2008).

Although the notice of claim in this case does not contain excessive factual detail for each of Strong's claims, the notice upholds the purpose of the notice of claim statute and allows the state to reasonably ascertain the claims against it. The notice of claim recounts the same general series of events as is included in the Complaint, including relevant dates, individuals, actions, and the nature of Strong's loss. *See Howland*, 169 Ariz. at 299, 818 P.2d at 1175.

First, the notice of claim includes sufficient facts relating to the claim for intentional infliction of emotional distress. After explaining the facts surrounding the alleged improper investigation and termination, the notice of claim states that Superior "purposely set out . . . to cause [Strong] severe emotional harm," that the actions of several Superior employees, including Defendants Oliver and Hing, were "extreme and outrageous," that these individuals knew or should have known that their actions would cause mental and/or physical distress, that Defendants' actions were a "proximate and actual cause" of Strong's mental distress, and that Defendants acted in a way that was "outrageous and wanton and done with evil intent and malice" sufficient to justify punitive damages. (Doc. 25 Ex. 1). These allegations, in combination with the detailed facts surrounding Defendants' investigation and termination of Strong, parallel the elements of an intentional infliction of emotional distress claim and thus provide enough information to allow Defendants to anticipate such a claim. *See Citizen Publ'g Co. v. Miller*, 210 Ariz. 513, 516, 115 P.3d 107, 110 (2005) ("The tort of intentional infliction of emotional distress requires proof of three elements: First, the conduct by the defendant must be 'extreme' and 'outrageous'; second, the defendant must either intend to cause emotional distress or recklessly disregard the near certainty that such distress will

- 4 -

result from his conduct; and third, severe emotional distress must indeed occur as a result of defendant's conduct.") (internal quotations and alterations omitted). While these allegations might *also* support other causes of action, these facts nonetheless support an intentional infliction of emotional distress claim.

Second, the notice of claim includes sufficient facts relating to Strong's claim for discharge in violation of public policy. This claim is governed by Arizona Revised Statute Section 23-1501. *See Galati v. Am. W. Airlines, Inc.*, 205 Ariz. 290, 292, 69 P.3d 1011, 1013 (Ct. App. 2003) (noting that the Arizona legislature enacted Section 23-1501 to define the scope of wrongful termination claims based on public policy). Section 23-1501 specifies several scenarios in which an employee may sue for wrongful termination. A.R.S. § 23-1501(3). In this case, three such scenarios appear relevant: termination "in violation of a statute of [the] state," retaliation based on an employee's disclosure of the employer's violation of the Arizona Constitution or Arizona statutes, and termination of a public employee who has a right to continued employment under the United States Constitution, the Arizona Constitution, or other statutes, regulations, policies, practices, and contracts of the state and or its subdivisions. *Id.*

Superior advances only one argument relating to Strong's Section 23-1501 claim. Superior contends that the notice of claim is improper because it does not allege a violation of state policy, but instead mentions only an infringement on Strong's First Amendment right to free speech incorporated through the Fourteenth Amendment. While Superior correctly notes that, aside from the "public employee" scenario, an employee must show a violation of *Arizona* law, *Galati*, 205 Ariz. at 293, 69 P.3d at 1014, Superior's conclusion is flawed. To be sure, the notice of claim discusses Strong's free speech rights, as protected by the First Amendment to the United States Constitution. Nonetheless, the Arizona Constitution also protects free speech. *State v. Stummer*, 219 Ariz. 137, 142, 194 P.3d 1043, 1048 (2008) (citing Ariz. Const. art. 2, § 6). Discussing Strong's free speech rights in relation to the First Amendment, however, does not bar Strong from raising claims based on the Arizona Constitution's free-speech protections. Superior also makes no argument relating to any

other allegations in the Complaint relating to the sufficiency of any other allegations relating to the discharge claim.

Third, the notice of claim is sufficient regarding Strong's defamation claim. The defamation claim centers around Hing and Oliver making defamatory statements in Strong's personnel file and statements impugning Strong's integrity and fitness for duty as a police officer, presumably by making statements accusing Strong of improperly bringing discredit or embarrassment to Superior by making statements regarding other officers. Both the Complaint and the notice of claim recount these basic events. The notice of claim further clearly implicated a defamation claim by stating that Strong had "suffered . . . humiliation, embarrassment, and severe harm to *his reputation*," as well as by seeking "the expungement of his record and *restoration of his good name*." (Doc. 25 Ex. 1) (emphasis added).

While some of the allegations Strong raises in the Complaint are not explicitly detailed in the notice of claim, this does not automatically render the notice of claim insufficient. A notice of claim is not required to provide "an exhaustive list of facts," *Backus*, 220 Ariz. at 107, 203 P.3d at 505 (discussing standard for the supporting-facts requirement), nor do Defendants make any argument that a notice of claim must include *all* facts that are ultimately alleged in a complaint. This is not a case where Strong's claims are "based on entirely different facts than the events described in the notice of claim," *Haab v. County of Maricopa*, 219 Ariz. 9, 13, 191 P.3d 1025, 1029 (Ct. App. 2008). To the contrary, this District recently has recognized that the omission of certain facts or theories of liability from a notice of claim will not necessarily result in dismissal of a plaintiff's claims as long as the notice of claim provides "adequate notice of the facts surrounding the incident and [the defendants'] actions . . . sufficient for [d]efendants to understand the basis upon which liability is claimed and to assess their liability." *Clark v. Tucson*, 2010 WL 1842263, at \*19 (D. Ariz. May 6, 2010).

In *Clark*, the plaintiff brought claims for negligence, assault and battery, and a violation of civil rights under 28 U.S.C. § 1983. *Id.* at \*1. While the notice of claim stated that the defendant-officer kicked plaintiff, the complaint instead alleged that the claims arose

- 6 -

1 out of a takedown maneuver. *Id.* at *18. The court explained that the factual differences between the complaint and the notice of claim were immaterial because the notice of claim sufficiently explained the incident. *Id.* at *19. Similarly, while the Complaint adds or explains certain facts, the underlying substance remains unchanged. The intentional infliction of emotional distress claim is based on the entire investigation and termination causing emotional distress. The wrongful discharge claim is based on the reasons Strong was terminated, including his disclosure of free speech restrictions imposed by Defendants. Finally, the defamation claim is based on allegedly false statements about Strong that were put in his personnel file and used as a basis for terminating him.

Finally, the Court rejects Superior's argument that the notice of claim focused not on state claims, but instead focused only implicated federal claims because the opening section of the notice recited various federal constitutional claims. Even if this issue would have been dispositive, the opening section of the notice of claim also lists claims for "wrongful termination" and "other claims" against the various Defendants. Clearly, Strong intended to bring both federal and state claims. Therefore, Strong complied with the notice of claim statute.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Judgment on the Pleadings with Respect to State Law Claims, (Doc. 22), is **DENIED**.

DATED this 23rd day of July, 2010.

_____
G. Murray Snow
United States District Judge